IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 15-1667 |

MEMORANDUM OPINION

Savage, J.                                                                                                          July 8, 2015

This is the third lawsuit David Lee Robinson has brought to recover damages for what he perceives as the lack of appropriate medical treatment of a leg injury. The latest action, which was filed in state court, is a reiteration of his second action, which he had filed in the federal court and was dismissed as time-barred. Like the first two actions, this third one must be dismissed.

Proceeding *pro se*, Robinson is suing the United States of America [1] for negligence and medical malpractice arising from his incarceration at the Federal Detention Center in Philadelphia ("FDC"). Robinson claims that the prison physician and staff failed to provide adequate medical treatment for his pre-existing ankle injury. He requests compensatory damages.

Moving to dismiss Robinson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States contends that subject matter jurisdiction is lacking. It argues that Robinson failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"),[2] which governs Robinson's causes of action for negligence and malpractice.

---

[1] Robinson initially filed suit against the Federal Detention Center. The United States was substituted as the defendant.

Robinson does not dispute that he failed to exhaust his administrative remedies. His failure to do so deprives the federal court of jurisdiction.  Therefore, we shall grant the motion to dismiss.

## Background[3]

On September 13, 2004, Robinson was arrested by agents of the Federal Bureau of Investigation.  Compl. ¶ 1.  When he was arrested, he was in a leg cast and used a walker.  Compl. ¶ 2.  He was taken to the FDC in Philadelphia where he remained until April 2005.  Compl. ¶ 3.  Robinson was transferred to the United States Penitentiary in Lewisburg, Pennsylvania.  Compl. ¶ 3.  In the meantime while at the FDC, he was in segregated housing for about four months,[4] from September 20, 2004 until the end of January 2005.  Compl. ¶ 4.

Robinson alleges that the medical staff at the FDC, despite his constant complaints of pain, removed his cast "very late", did not contact Temple University Hospital where he was initially treated for his injuries, did not perform an x-ray or MRI, and provided him with no physical therapy.  Compl. ¶¶ 5-6, 9.  When Robinson asked Dr. Morales, the prison physician who removed the cast, why he was not receiving the proper health care for his injury, Dr. Morales stated, "We're not responsible for what happened to you prior to your arrest."  Compl. ¶ 7.  Robinson claims that the FDC was obligated to tend to his injuries because it assumed the responsibility to care for him

---

[2] 28 U.S.C. § 2671 *et seq*.

[3] The facts recited are taken from the complaint.

[4] Robinson was placed in the FDC's special housing unit for smuggling drugs in the prison in his cast.  *See* Pl.'s Resp. to Def's Mot. to Dismiss at 4 ("Pl.'s Resp.").

when he was placed into its custody.  Compl. ¶ 8.  While at the FDC, Robinson received pain medications for his pain and inflammation.  Compl. ¶ 9.

In September of 2009, while housed at FCI-Canaan, Robinson was diagnosed with os-trigonum syndrome.  Compl. ¶ 11; Compl. Ex. 7 (Radiology Report).  He contends that had the FDC removed his cast in a timely manner and performed X-rays and MRIs earlier, his os-trigonum syndrome would have been discovered sooner and properly treated.  Compl. ¶ 12.  Robinson avers that the FDC's failure to properly treat his injury is the cause of his "current discomfort and constant pain."[5]  Compl. ¶ 12.

## Procedural History

In his first lawsuit, Civil Action No. 11-4667, Robinson filed a claim against Temple University Health Services for denying him proper medical care while he was a patient in August 2004.  He based his cause of action on 42 U.S.C. § 1983.  The action was dismissed due to lack of subject matter jurisdiction because his claim of medical malpractice did not rise to the level of a constitutional violation.  *Robinson v. Temple Univ. Health Servs.*, No. 11-4667, 2012 WL 1414318, at *2 (E.D. Pa. April 24, 2012). His second action, Civil Action No. 12-5752, was filed against employees of the Federal Bureau of Prison Health Services Department.  In that action, he alleged that the defendants, all federal employees, failed to provide him with adequate medical treatment for his injured ankle.  The action was dismissed without leave to amend because it was time-barred.  *Robinson v. Moreles et al.*, No. 12-5752 (E.D. Pa. Oct. 9, 2012).

---

[5] Robinson is no longer incarcerated.  He was released from detention in 2015.  Compl. at 3.  He now resides in a federal residential reentry center.  Pl.'s Resp. at 4.

Having been unsuccessful twice in federal court, Robinson turned to the state court. On October 2, 2013, he filed a complaint against the FDC in the Philadelphia Court of Common Pleas.[6] According to the United States, Robinson never served the FDC with the complaint.[7] Yet, on April 1, 2015, the United States removed the case.

On April 7, 2015, the United States was substituted as the defendant.[8] The United States timely moved to dismiss the complaint.

### Standard of Review

The standard of review of a motion to dismiss made pursuant to Rule 12(b)(1) depends on whether the motion is a facial attack or a factual attack. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Consequently, we must distinguish between facial attacks and factual attacks. A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because of some jurisdictional defect. *Aichele*, 757 F.3d at 358. In reviewing a facial attack, as we do in considering a Rule 12(b)(6) motion, we accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences arising from them in favor of the plaintiff. *Gould Elecs. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (internal quotation marks omitted).

Conversely, a factual attack is "an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction."

---

[6] *Robinson v. Fed. Det. Ctr. Of Phila.*, No. 13-004021 (Phila. Ct. Com. Pl.)

[7] The state court docket reflects that Robinson failed to effectuate service as of February 9, 2015. On March 3, 2015, the state court ordered Robinson to make service of the complaint within sixty days. *Id.* There is no indication that he complied.

[8] *See* Order (Doc. No. 3).

*Aichele*, 757 F.3d at 358.  In other words, in a factual challenge to jurisdiction, the defendant disputes the allegations on which jurisdiction depends.  In that instance, we need not accept the plaintiff's allegations as true and we may consider materials outside the complaint to determine whether the exercise of federal jurisdiction is proper.  *CAN v. United States*, 535 F.3d 132, 139, 145 (3d Cir. 2008).

## Discussion

### The Federal Tort Claims Act

The FTCA precludes a party from maintaining an action against the United States for damages "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a).  Filing an administrative claim is a prerequisite to the filing of a tort action against the United States.  *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993).  The exhaustion requirement is jurisdictional and is not subject to waiver.  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citation omitted).

To comply with the FTCA, Robinson was required to file an administrative tort claim with the Bureau of Prisons' ("BOP") Northeast Regional Office.  28 C.F.R. § 543.31(c).[9]  The BOP administrative remedy program is the vehicle for federal inmates to complain about any aspect of their confinement.  28 C.F.R. § 542.10.  The program provides a four-step review protocol.  It starts with an informal resolution process.  The inmate may appeal the initial decision to the Warden.  If the inmate is not satisfied with the Warden's response, he may submit an appeal on the appropriate form to the

---

[9] Declaration of Marisa Davidson at ¶ 8 ("Davidson Decl.").

Regional Director within twenty days. From the Regional Director's decision, the inmate may appeal to the General Counsel within thirty days. 28 C.F.R. §§ 542.10 – 542.19.

The General Counsel's decision constitutes the BOP's final decision for exhaustion purposes. The inmate may appeal that decision to the district court. 28 C.F.R. § 543.32(g). If the BOP does not issue a decision within six months from the date of filing his complaint, the complaint is deemed denied and the inmate may file an action in the district court.

Here, Robinson concedes that he did not exhaust his administrative remedies.[10] The United States has submitted a declaration confirming that Robinson did not file any negligence or medical malpractice claims arising from his incarceration at the FDC.[11]

Robinson offers inconsistent reasons for not filing an administrative claim. On one hand, he explains that he did not do so because he was not aware of the administrative process.[12] On the other hand, he contends he decided not to file a claim because he "believed it would be impossible to gain justice in an Administrative Remedy process where the institution would do anything to deny plaintiff relief for the incident that occurred."[13] He decided to file a lawsuit without making an administrative claim "because from plaintiff's experience The Administrative Remedy does not work."[14]

---

[10] *See* Pl.'s Resp. at 4. Although he does not assert it in his complaint, Robinson claims in his response to the motion that his case is a section 1983 action, not one under the Federal Tort Claims Act ("FTCA"). An action against a federal government official cannot be brought under section 1983. It must be brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Brown v. Phillip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). However, a *Bivens* action is not proper against a federal agency, such as the FDC. It can only be brought against individual federal agents. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994).

[11] Davidson Decl. at ¶ 9.

[12] Pl.'s Resp. at 4.

[13] Pl.'s Resp. at 5. As proof, he refers to complaints he made at another federal facility in 2007, conceding that they involve "separate incidents from the ankle [injury]." *Id.* Robinson does not, however,

It does not matter why he did not pursue the four-step BOP process. He simply failed to exhaust his administrative remedies. Therefore, the complaint must be dismissed for lack of jurisdiction. *McNeil*, 508 U.S. at 109, 113.

Even if we had jurisdiction to consider Robinson's claims, they would be time-barred. A tort claim against the United States must be brought within two years after the claim accrues. 28 U.S.C. § 2401(b). Here, Robinson complains of incidents that occurred in 2004 and 2005. He did not file this complaint until October 2, 2013, well after the two-year period. Indeed, we dismissed his earlier case, No. 12-5752, based upon the same alleged conduct, as time-barred. *Robinson v. Moreles, et al.*, No. 12-5752 (E.D. Pa. Oct. 9, 2012).

## Conclusion

Because Robinson failed to exhaust his administrative remedies, we lack subject matter jurisdiction over his claims. Therefore, we shall grant the motion to dismiss.

---

explain how the outcome of complaints made in 2007, years after he left the FDC, could have discouraged him from making formal administrative complaints while housed at the FDC.

[14] *Id.*