IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 15-1667 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                           **August 28, 2015**

*Pro se* plaintiff David Lee Robinson ("Robinson") moves for reconsideration of the order dismissing his complaint for lack of subject matter jurisdiction. He contends that we should "[a]llow this case to go to trial" because there are "extraordinary circumstances involved[.]"[1]

Because Robinson has not demonstrated a change in the law, new evidence or the need to prevent manifest injustice, we shall deny his motion for reconsideration.[2]

On July 8, 2015, we dismissed Robinson's complaint because he had failed to exhaust his administrative remedies under the Federal Tort Claims Act.[3] *Robinson v. United States*, No. 15-1667, 2015 WL 4111792, at *4 (E.D. Pa. July 8, 2015). We concluded that because the exhaustion requirement is jurisdictional, Robinson's failure to exhaust deprived us of subject matter jurisdiction. *Id.* at *3. Alternatively, we found that even if we had jurisdiction, Robinson's claims would be barred by the two-year statute of limitations. *Id.*

---

[1] *See* Pl.'s Mot. for Recons. at 4 (Doc No. 24).

[2] The facts can be found in our opinion on the motion to dismiss. *See Robinson v. United States*, No. 15-1667, 2015 WL 4111792 (E.D. Pa. July 8, 2015).

[3] 28 U.S.C. § 2671 *et seq.*

In his motion for reconsideration, Robinson argues that we should reconsider the order dismissing his case because we erred in failing to consider the extenuating circumstances that prevented him from pursuing an administrative remedy. He also contends we misunderstood the date that he had discovered his os-trigonum syndrome.

A party may move to alter or amend a judgment pursuant to Rule 59(e) on any of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citation omitted); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted).[4]

Robinson contends that he should be allowed, in the interest of justice, to pursue his claims. In order to demonstrate clear error or manifest injustice, Robinson must show that we overlooked arguments that he previously raised. *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) ("Parties are not free to relitigate issues that the Court has already decided") (citation omitted). He cannot rely upon arguments that were addressed and rejected. In short, a Rule 59(e) motion may not be used to relitigate the case. *Blystone,* 664 F.3d at 415 (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.") (citation omitted).

---

[4] Robinson's motion for reconsideration does not cite the procedural rule on which he relies. Because Robinson argues that our legal determination in dismissing his complaint was in error and asks that we alter that determination, we shall construe his motion as one pursuant to Federal Rule of Civil Procedure 59(e).

In his motion for reconsideration, Robinson reiterates the same arguments that he made in his response to the motion to dismiss. On the one hand, he asserts that he lacked knowledge of the administrative process because he was new to the prison system.[5] On the other hand, he contends that he deliberately failed to pursue an administrative remedy because he believed that any request he made would not be taken seriously since he had been caught attempting to smuggle heroin into the Federal Detention Center.[6] These arguments, which we already considered and rejected, do not merit reconsideration. *See Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002) (stating that a "motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have [been] fully examined by the court") (citation omitted).

In dismissing Robinson's complaint, we observed that even if we had subject matter jurisdiction, his complaint would be time-barred. In his motion for reconsideration, Robinson contends we were mistaken about the date he discovered he had os-trigonum syndrome.

Even if, as Robinson claims, we were mistaken about the date he learned of his condition, it would not alter our determination that we do not have subject matter jurisdiction because he failed to exhaust his administrative remedies.[7]

---

[5] Mot. for Recons. at 3; Pl.'s Resp. to Def's Mot. to Dismiss at 4 ("Pl.'s Resp.").

[6] Mot. for Recons. at 2-3; Pl.'s Resp. at 4-5.

[7] Robinson's assertion that he did not discover his os-trigonum syndrome until October 31, 2011, Mot. for Recons. at 2, is belied by the pleadings in his previous lawsuits. In his first lawsuit, Civil Action No. 11-4667, Robinson stated, "[O]n April 9th of 2010 I discovered from x-rays . . . why my ankle is giving me so much pain (7) years after it's (*sic*) injury. I have a os-trigonum in the ankle . . . ." Compl. at 3, *Robinson v. Temple Univ. Health Servs.*, *et al.*, C.A. No. 11-4667 (Doc. No. 10). In his second lawsuit, against employees of the Federal Bureau of Prison Health Services Department, Robinson stated, "it was only after USP-Cannan allowed [me] to see my X-ray result on 10/15/09 that I knew I suffered the (*sic*)

**Conclusion**

Because Robinson has failed to show a change in the law, the availability of new evidence or the need to prevent manifest injustice, we shall deny his motion for reconsideration.

---

Os-Trigonum Condition." Compl. at ECF 7, *Robinson v. Moreles*, *et* al., C.A. No. 12-5752 (Doc. No. 9). Here, he now states, "The American Academy [of] Orthopedic Surgeons provided the os Trigonum info. in (*sic*) Oct[.] 13, 2011 . . . ." Compl. ¶ 12.